## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ELVA BENSON,<br><br>            Plaintiff,<br><br>   v.<br><br>ENTERPRISE HOLDINGS, INC.,<br>ENTERPRISE LEASING COMPANY OF<br>FLORIDA, LLC, and ENTERPRISE LEASING<br>COMPANY OF ORLANDO, LLC,<br><br>            Defendants. | No. 6:20-cv-891-RBD-LRH |

### DEFENDANTS' DISPOSITIVE MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants Enterprise Holdings, Inc. ("EHI"), Enterprise Leasing Company of Florida, LLC ("Enterprise Florida"), and Enterprise Leasing Company of Orlando, LLC ("Enterprise Orlando") (collectively, "Defendants"), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectfully move to dismiss Plaintiff's Complaint (ECF No. 3) with prejudice.  Dismissal is warranted because Plaintiff lacks standing to bring this case and her Complaint fails to state a claim for which relief can be granted.  In support thereof, Defendants submit the following Memorandum of Law.

### 1.   INTRODUCTION

This is a putative class action under the Worker Adjustment and Retraining Notification ("WARN") Act, but it fails to identify who employed the Plaintiff (much less the putative class) or any facts to make it plausible that the WARN Act even applies here.

Plaintiff claims that three completely separate companies should have predicted and (in her view) better reacted to the ongoing COVID-19 emergency that, just a few months ago, no

one could have imagined would have occurred.  Specifically, she says that EHI, Enterprise Flori-da, and Enterprise Orlando violated the WARN Act by laying off employees without providing a full sixty days' advance notice.  And she seeks damages not only for herself, but for "[a]ll former Enterprise employees throughout United States [sic]."  Compl. ¶ 10.

Plaintiff, however, fails to state a viable claim for relief, and lacks standing to boot.  As with all employment laws, the WARN Act allows recovery against only the plaintiff's employer.  But, here, Plaintiff does not set forth a plausible claim that she was employed by any of the three Defendants, let alone all three of them.  Based on the Complaint, we do not know who hired Plaintiff; who fired her; who set her work schedule and work hours; who supervised and directed her daily work; who determined her compensation; who paid her; or who maintained her em-ployment file.  The Complaint thus forces this Court to speculate about even the most basic facts of Plaintiff's alleged employment relationship.  And it goes further by asking the Court to be-lieve that Plaintiff—who worked as a "rental agent" at a single rent-a-car location at the Orlando airport, Compl. ¶¶ 15, 17—was simultaneously employed by three separate corporate entities, including EHI, a parent holding corporation that does not rent cars, and two of its sister subsidi-aries who operate in different areas of Florida.  Because the Complaint's allegations do not plau-sibly suggest that Plaintiff had an employment relationship with any of the Defendants, much less all of them, her claims should be dismissed both for failure to state a claim under Rule 12(b)(6) and for lack of standing under Rule 12(b)(1).

Plaintiff's claims also should be dismissed because she does not adequately allege any of the other elements of a WARN Act claim.  For example, she alleges, speaking collectively, that "*Defendants* employed 100 or more employees," Compl. ¶ 21 (emphasis added), even though the WARN Act requires that *each* Defendant employ that many.  She claims that "50 employees"

were laid off "at the *various* facilities" Defendants operate "across the nation," *id.* ¶¶ 16, 22 (emphasis added), yet the Act applies only when 50 employees are laid off at a "single site of employment."  And she asserts that Defendants, during an unprecedented economic upheaval, were required to give her advance written notice of her separation, although the WARN Act excuses from the notification requirement businesses—like the Defendants here—that fall victim to an "unforeseeable business circumstance."  If the COVID-19 pandemic does not qualify for that exception, particularly in a travel-related business, it is not clear what would.

**STATEMENT OF ALLEGED FACTS**

Plaintiff alleges that she worked "as a rental agent" at a single location at the Orlando International Airport.  Compl. ¶¶ 15, 17.[1]  Although she sues three separate corporate entities, she does not state which of the three Defendants she worked for, or who took any of the traditional actions of an employer (hiring, firing, compensation, etc.).  *See id.* ¶ 17 (alleging only that she "worked for Defendants").

Plaintiff claims that, on April 27, 2020, she "received a written notice dated April 24, 2020 terminating her employment effective April 30, 2020."  Compl. ¶ 18.  She does not say who sent the notice, although she adds (in the passive voice) that she "had already been fired several days prior."  *Id.*  By whom, the Complaint does not say.

"Upon information and belief," Plaintiff also alleges that "hundreds," Compl. ¶ 19—or perhaps "thousands," *id.* ¶ 35—"of other employees working for Defendants were terminated" as well, *id.* ¶ 19.  She alleges that these employees—all members of Plaintiff's proposed class, *id.* ¶ 10—were spread "across the nation," *id.* ¶ 16, although she asserts that all were "employees of

---

[1]   As they must, Defendants assume the truth of Plaintiff's factual allegations solely for purposes of this motion.

Defendants," *id.* ¶ 2, a group that includes two businesses that operate only in Florida: "Enterprise Leasing Company of Florida" and "Enterprise Leasing Company of Orlando," *id.* at 1; *see also id.* ¶ 14 ("Defendants were a business authorized to conduct business in the State of Florida"); *id.* ¶ 15 ("Defendants maintained an office or facility in Orlando, Florida").

The three Defendants that Plaintiff sues are separate and distinct companies. *See Rich v. Wachovia Bank N.A.*, No. 08-cv-81575, 2009 WL 10699958, at *1 n.1 (S.D. Fla. Sept. 16, 2009) (taking "judicial notice of the corporate structure"). EHI is a privately held holding company. It does not operate car rental branches or rent cars. *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 683 F.3d 462, 466 (3d Cir. 2012). Rather, EHI owns operating subsidiaries that are themselves in the business of renting vehicles. *Id.* As relevant here, Enterprise Orlando and Enterprise Florida are two of EHI's operating subsidiaries. They are separate and distinct companies that operate in different regions of Florida. *See also Grice v. CVR Energy, Inc.*, 921 F.3d 966, 970 (10th Cir. 2019) ("subsidiary corporation is presumed to be a separate and distinct entity from its parent corporation").

## 2.  INCORPORATED MEMORANDUM OF LAW

### LEGAL STANDARD

A court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(1) where a plaintiff lacks Article III standing. *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). The plaintiff "bears the burden of" alleging "'facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).

Additionally, a complaint must be dismissed under Rule 12(b)(6) unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  "Threadbare recitals of the elements of a cause of action . . . do not suffice."  *Id.*

Rather, the plaintiff bears the burden of pleading facts that "allow[ ] the court to draw the rea-

sonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In applying this standard, the Court should isolate and "ignore[ ]" any statements in the

complaint that simply offer "legal conclusions" or merely rehash the elements of the cause of

action.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293–94 (11th Cir. 2010).  Then, the

Court should "turn to [the] remaining" non-conclusory, non-speculative "factual allegations," *id.*

at 1294, to see if they plausibly "show[ ] that the pleader is entitled to relief," *Twombly*, 550 U.S.

at 555 (quoting Fed. R. Civ. P. 8(a)(2)).  And where a complaint falls short, amendment should

not be allowed where it "would be futile"; in that case, dismissal should be with prejudice.

*Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam).

## ARGUMENT

**I.     PLAINTIFF'S FAILURE TO ALLEGE AN EMPLOYMENT RELATIONSHIP WITH EACH DEFENDANT WARRANTS DISMISSAL FOR FAILURE TO STATE A CLAIM AND LACK OF STANDING.**

To state a viable WARN Act claim, Plaintiff must allege sufficient facts to create a plau-

sible inference, first, that each Defendant was her "employer" and, second, that each Defendant

"order[ed]" a plant closing or mass layoff.  29 U.S.C. § 2104(a)(1); *see, e.g.*, *McKinney v. Carl-

ton Manor Nursing & Rehab. Ctr., Inc.*, 868 F.3d 461, 463 (6th Cir. 2017) ("Only 'employer[s]'

that 'order' a plant closing face regulation by the Act or liability under it." (alternation in origi-

nal)); *Flowers v. Here to Serve Rests., Inc.*, No. 1:15-cv-3563, 2016 WL 8792243, at *2 (N.D.

Ga. Mar. 29, 2016) (similar).  Plaintiff has not met that burden.

Plaintiff's Complaint fails at the outset because she does not allege facts sufficient to

demonstrate "the existence of an employer-employee relationship between" herself and any of

the three Defendants.  *Gavilan v. Balans, L.C.*, No. 14-cv-22791, 2014 WL 6979625, at *2 (S.D.

Fla. Dec. 9, 2014). The existence of an employer-employee relationship is an essential element of a WARN Act claim. *Likes v. DHL Express (USA), Inc.*, 787 F.3d 1096, 1098 (11th Cir. 2015) ("to establish a WARN Act claim, [plaintiff] must demonstrate that he was [ ] an employee of [the defendants]"). Under a straightforward application of *Twombly* and *Iqbal*, then, "[c]onclusory allegations of employment" do not suffice. *Freeman v. Key Largo Volunteer Fire & Rescue Dep't*, 841 F. Supp. 2d 1274, 1279 (S.D. Fla. 2012), *aff'd*, 494 F. App'x 940 (11th Cir. 2012). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Thus, Plaintiff's threadbare assertion that she was an "employee[ ] of 'Defendants' [is], without factual support, insufficient," *Gavilan*, 2014 WL 6979625, at *2; *see, e.g.*, Compl. ¶¶ 1, 2, 30; it "is a legal conclusion that [the Court is] not bound to accept as true," *Freeman*, 494 F. App'x at 943 n.2 (citing *Twombly*, 550 U.S. at 555); *see also Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 961 (8th Cir. 2015) ("a mere legal conclusion is not enough to allege an employee-employer relationship"); *Craighead v. Austal USA, LLC*, No. 17-cv-445, 2017 WL 6559917, at *4 n.7 (S.D. Ala. Dec. 21, 2017) ("The Complaint's unsupported legal conclusion that '[t]here existed an employer-employee relationship between Plaintiffs and Defendants' . . . is not properly credited for Rule 12(b)(6) purposes." (first alteration in original)).

Plaintiff does not "allege even the most basic facts" about her employment. *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. 2017). She does not say who hired her; who fired her; who set her work schedule and work hours; who supervised and directed her daily work; who determined her compensation; who determined or implemented the personnel policies applicable to her; who paid her; or who maintained her employment file. Without these basic details, the Court cannot plausibly conclude that Plaintiff had a relationship with the De-

fendants at all—much less an employer-employee relationship as required to state the cause of action she advances here.  For that reason alone, Plaintiff's case should be dismissed.  *See, e.g.*, *Freeman*, 494 F. App'x at 943–44 (affirming dismissal with prejudice and holding that plaintiff "did not adequately allege an employment relationship" where, among other things, he did not allege who hired him or who maintained his employment records); *Gavilan*, 2014 WL 6979625, at *2 (dismissing complaint where, as here, plaintiffs did not allege who "hired or fired them, supervised or controlled their work schedules or conditions of employment, or determined their rates and methods of payment").

Plaintiff's "fail[ure] to allege [even] a single fact demonstrating that . . . [the Defendants] are or were in fact [her] 'employers,'" *Gavilan*, 2014 WL 6979625, at *2, is more than just a fatal pleading error.  It is a jurisdictional defect in Plaintiff's entire case.  Plaintiff's standing to bring an employment law claim "is predicated on the existence of an employer-employee relationship," because "plaintiff's injuries are only traceable to, and redressable by, those defendants who are deemed by law to have employed her."  *Cavallaro v. UMass Mem'l Health Care, Inc.*, 971 F. Supp. 2d 139, 146 (D. Mass. 2013).  As a result, where Plaintiff has "failed to show an employment relationship" with the Defendants, as here, there is no case or controversy and she "has no standing" to raise an employment law claim.  *Ojelade v. Liberty Mut.*, No. 5:06-cv-89, 2007 WL 809787, at *4–5 (N.D. Fla. Mar. 15, 2007); *see also Chuy v. Hilton Mgmt. LLC*, No. 6:10-cv-178, 2010 WL 1854120, at *3 (M.D. Fla. May 10, 2010) ("Because the Plaintiffs have not alleged that any one of them was employed by [defendant], no Plaintiff has suffered an injury

as a result of [defendant's] (alleged) violation of [federal employment law].").[2]

Plaintiff's Complaint is thus subject to dismissal both for failure to state a claim under Rule 12(b)(6) and for lack of standing under Rule 12(b)(1).

### A.    By Improperly Lumping All Defendants Together, Plaintiff Confirms That Dismissal Is Required.

Plaintiff's "'shotgun' pleading" only underscores the case for dismissal.  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).  Instead of alleging—even in the Complaint's (inadequate) conclusory fashion—that Plaintiff was employed and terminated by a *particular Defendant*, Plaintiff "indiscriminately groups the defendants together."  *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015).  She says, repeatedly, that she was an "employee of *Defendants*" and that "*Defendants* . . . terminated [her] without cause," Compl. ¶¶ 1, 2 (emphases added), without "making [any] distinction among the [three] defendants charged," *Magluta*, 256 F.3d at 1284.  "This form of pleading violates Rule 8 and is consistently condemned by the Eleventh Circuit."  *McNeal v. Nightlife Sols., Inc.*, No. 18-cv-25376, 2019 WL 2515179, at *2 (S.D. Fla. June 17, 2019); *see, e.g.*, *Magluta*, 256 F.3d at 1284.

For good reason:  Rule 8 requires plaintiffs to plead sufficient facts to "permit the court to infer more than the mere possibility of misconduct"; the complaint must "show[ ]" that the "pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679.  That showing, however, cannot be made in

---

[2]    Plaintiff cannot salvage her claim by alleging that "other Class members" of her proposed class "were employees of Defendants who were terminated without cause."  Compl. ¶ 2.  That assertion suffers from the same pleading defects as Plaintiff's personal allegations.  In any event, under "elementary principles of standing, a plaintiff must allege and show that [she] personally suffered injury."  *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987).  "This individual injury requirement is not met by alleging 'that injury has been suffered by other, unidentified members of the class to which the plaintiff belongs and which [she] purports to represent.'"  *Id.* at 1483 (alterations omitted) (quoting *Warth*, 422 U.S. at 502).

cases like this one, where Plaintiff sues separate corporate entities—in particular, "a parent corporation and its subsidiar[ies]"—but does not reveal the "acts or omissions" allegedly attributable to each Defendant. *Lane v. Capital Acquisitions & Mgmt. Co.*, No. 04-cv-60602, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006).  Suppose one corporate entity employed Plaintiff, while a different corporate entity ordered the closure of her worksite.  Under the WARN Act, neither company would be liable, *see, e.g.*, *Administaff Cos. v. N.Y. Joint Bd., Shirt & Leisurewear Div.*, 337 F.3d 454, 456 (5th Cir. 2003), because "[o]nly" those "'employer[s]' that [themselves] 'order' a plant closing face . . . [potential] liability," *McKinney*, 868 F.3d at 463 (second alteration in original).  As a result, by indiscriminately lumping "Defendants" together and failing to specify which Defendant took which actions, Plaintiff's Complaint has "stop[ped] short of the line between" suggesting a mere "possibility" and "show[ing]" an actual "plausibility" of "entitlement to relief." *Twombly*, 550 U.S. at 557 (citation omitted).

That is why courts in the employment law context have consistently found that indiscriminate group pleading like that in the Complaint fails to survive under *Twombly/Iqbal*.  *See, e.g.*, *McNeal*, 2019 WL 2515179, at *2 ("The allegations directed at all 'Defendants' are therefore not 'well-pled' . . . ."); *Petrovic v. Princess Cruise Lines, Ltd.*, No. 12-cv-21588, 2012 WL 3026368, at *5 (S.D. Fla. July 20, 2012) (dismissing complaint "because Plaintiff's 'grouping' of Defendants . . . creates confusion as to the identities of the alleged employer"); *Lane*, 2006 WL 4590705, at *5 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the . . . Complaint fails to satisfy the minimum standard of Rule 8.").

This Court has reached the same conclusion in similar contexts, and should do so again now.  In *Haygood v. Orange County Public Schools*, for example, a plaintiff asserted employ-

ment discrimination claims against three "Defendants collectively, without specifying which De-fendant [was] responsible for which acts or omissions." No. 6:16-cv-2105, 2017 WL 1541296, at *2 (M.D. Fla. Apr. 28, 2017) (Dalton, J.). And in *O'Neill v. Speedster Services, LLC*, a plain-tiff, likewise, "combined" his overtime claims "against three different defendants," without dif-ferentiating among them. No. 6:18-cv-120, 2018 WL 6620901, at *1 (M.D. Fla. Mar. 14, 2018) (Dalton, J.). This Court held that, under Eleventh Circuit precedent, both complaints were "alto-gether unacceptable," and it ordered that each complaint "be dismissed." *Haygood*, 2017 WL 1541296, at *2; *see also O'Neill*, 2018 WL 6620901, at *1. Plaintiff's Complaint suffers from the same infirmity, and it should likewise be dismissed.

### B. The Complaint Does Not Allege That Enterprise Orlando And Enterprise Florida Are "Part Of" EHI.

To be sure, Plaintiff could, at least theoretically, try to salvage her case by arguing that Enterprise Orlando and Enterprise Florida are not separate employers after all, but are really "part of" their parent holding company, EHI, for purposes of the WARN Act. Plaintiff, however, does not even attempt to plead the necessary showing—and for good reason: she cannot do so.

The U.S. Department of Labor ("DOL") regulations implementing the WARN Act "are the best method for determining WARN Act liability." *Administaff*, 337 F.3d at 458 (quoting *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 490 (3d Cir. 2001)); *see, e.g.*, *Gurganus v. Furniss*, No. 3:15-cv-3964, 2016 WL 3745684, at *3 (N.D. Tex. July 13, 2016); *Parks v. Zayo Bandwidth, LLC*, No. 13-cv-4425, 2016 WL 538328, at *3 (E.D. Pa. Feb. 10, 2016); *see also Likes*, 787 F.3d at 1099 (applying DOL WARN Act regulations); *Layton v. DHL Exp. (USA), Inc.*, 686 F.3d 1172, 1175 (11th Cir. 2012) (adopting test from other DOL regulations). Those regulations provide that "subsidiaries"—like Enterprise Orlando and Enterprise Florida—"which are wholly or partially owned by a parent company"—like EHI—may be "treated as separate

employers or as a part of the parent . . . company depending upon the degree of their independ-

ence from the parent."  20 C.F.R. § 639.3(a)(2).  DOL identifies five (non-exclusive) relevant

factors.

Plaintiff does not mention a single one of the DOL factors.  She does not address the two

basic factors—(i) "common ownership" and (ii) "common directors and/or officers," 20 C.F.R.

§ 639.3(a)(2)—which could not in and of themselves form "a sufficient basis for liability" any-

way, *Pearson*, 247 F.3d at 494.  Nor does she make any mention of the other three factors—"(iii)

de facto exercise of control, (iv) unity of personnel policies emanating from a common source,

and (v) the dependency of operations," 20 C.F.R. § 639.3(a)(2)—which "are often the determina-

tive factors," *Hampton v. Navigation Capital Partners, Inc.*, 64 F. Supp. 3d 622, 627 (D. Del.

2014) (citing *In re APA Transp. Corp. Consol. Litig.*, 541 F.3d 233, 244 (3d Cir. 2008)).  This

silence is fatal.  Because Plaintiff "fails to allege sufficient facts"—indeed, any facts—to meet

the five-factor DOL test, she cannot claim that EHI and its subsidiaries are anything but separate

employers.  *Parks*, 2016 WL 538328, at *4.  And because, as detailed above, she fails to ade-

quately allege that *any* Defendant is her employer, the Complaint must be dismissed.  *See, e.g.*,

*Gurganus*, 2016 WL 3745684, at *3 (dismissing complaint where, as here, "Plaintiff does not

address the five-factor DOL test"); *Parks*, 2016 WL 538328, at *4 (similar).

Plaintiff has not adequately alleged the five DOL factors for the simple reason that she

cannot do so.  Similar questions have arisen in the context of "joint employment" under the Fair

Labor Standards Act (FLSA), and have been extensively litigated and decided in EHI's favor.

Take the "often [ ] determinative factors":  "de facto exercise of control, unity of personnel poli-

cies emanating from a common source, and dependency of operations."  *Hampton*, 64 F. Supp.

3d at 627.  These factors consider, among other things, "whether the . . . companies . . . engaged

11

in centralized hiring and firing, payment of wages, and personnel and benefits recordkeeping," *APA Transp.*, 541 F.3d at 245, and whether EHI was in a "'master-servant' agency relationship" with the others, *Pearson*, 247 F.3d at 501.  The answer to these questions is no, as multiple courts have already found.

In 2009, for example, fifteen separate lawsuits raising claims under the FLSA were consolidated in a multi-district litigation proceeding.  After years of litigation and discovery, both the district court and the Third Circuit concluded that EHI "had no authority to hire or fire" subsidiary employees, "no authority to promulgate work rules or assignments, and no authority to set compensation, benefits, schedules, or rates or methods of payment.  Furthermore, [EHI] was not involved in employee supervision or employee discipline, nor did it exercise or maintain any control over employee records." *Enter. Rent-A-Car*, 683 F.3d at 471, *aff'g*, 735 F. Supp. 2d 277 (W.D. Pa. 2010); *see also Bah v. Enter. Holdings, Inc.*, No. 1:17-cv-12542 (D. Mass. Sept. 18, 2018), ECF No. 56 (dismissing FLSA claim).

In fact, Plaintiff is presumably aware of this precedent, and her failure to allege "even the most basic facts concerning her employment" smacks of "artful pleading," a misguided attempt to keep this Court from seeing what she already knows:  that any attempt to lump EHI and its subsidiaries together has already been extensively adjudicated—and rejected.  *Ivery*, 280 F. Supp. 3d at 1128–29.  A number of courts have seen through similar pleading gimmicks and "made clear that they will not put up with game-playing omissions of plainly relevant [employment] detail." *Cavallaro v. UMass Mem. Healthcare, Inc.*, 678 F.3d 1, 10 (1st Cir. 2012).  This Court should join them and dismiss Plaintiff's Complaint.

## II.   PLAINTIFF FAILS TO STATE FACTS SUFFICIENT FOR THE OTHER BASIC ELEMENTS OF A WARN ACT CLAIM.

Even if the Court were to find that Plaintiff adequately alleged an employment relation-ship with each Defendant—and no such finding is possible here—Plaintiff's Complaint *still* must be dismissed because it does not allege sufficient facts to make a WARN Act violation plausible, either on an individual or putative class-wide basis.

### A.   The Complaint Does Not Allege That Any Defendant Is An "Employer."

The WARN Act allows recovery only from an "employer."  29 U.S.C. § 2104(a)(1).  To qualify as an "employer," a "business enterprise" must (among other things) employ "100 or more employees."  *Id.* § 2101(a)(1)(A).  That numerical threshold—"an employer's number of employees"—is an element of Plaintiff's cause of action, and it must be pled and proved in the same manner and to the same degree as any other element of her claim.  *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).  On this score, Plaintiff's claim falls short.  She does not adequate-ly allege that each Defendant employs the minimum number of employees, and for that reason alone, her claims must be dismissed.  *See, e.g.*, *Estevez v. Consol. Bus Transit, Inc.*, No. 15-cv-7634, 2016 WL 3448627, at *6 (S.D.N.Y. June 20, 2016) (dismissing complaint for failing to allege that plaintiff "employed . . . a sufficient number of employees").

Plaintiff's sole attempt to establish that each Defendant employs more than 100 employ-ees cannot survive a straightforward application of *Twombly* and *Iqbal*.  As an initial matter, Plaintiff alleges that "the *Defendants* employed 100 or more employees," Compl. ¶ 21 (emphasis added); she does not plead that "*each* defendant" employed the "requisite number of employees," *Haygood v. Orange Cty. Pub. Sch.*, No. 6:16-cv-2105, 2017 WL 4242035, at *3 (M.D. Fla. Sept. 25, 2017) (Dalton, J.), as the WARN Act requires.  Beyond that, "Plaintiff simply sets forth" nearly "verbatim the statutory language of" 29 U.S.C. § 2101(a)(1) and (8), "without further

elaboration," *Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197, 2012 WL 1176701, at *9 (M.D. Fla. Apr. 9, 2012).  *Compare* Compl. ¶ 21, *with* 29 U.S.C. § 2101(a)(1), (8).  "Such pleading . . . is insufficient to state a plausible claim for relief."  *Correa*, 2012 WL 1176701, at *9.  It is a mere "formulaic recitation" of an element of her cause of action that is not entitled to be assumed to be true.  *Twombly*, 550 U.S. at 555.

"Plaintiff does not, for example, allege any facts relating to the number of employees" at the one location where she actually worked (*see* Compl. ¶ 15), "the volume of customers, . . . or other factual basis from which the Court may infer the plausibility" of her claim that Defendants qualified under the Act.  *Diaz v. Banh Cuon Saigon Rest., Inc.*, 1:16-cv-295, 2016 WL 9211697, at *2 (E.D. Va. June 14, 2016).  Because she does not assert "any facts to support" her conclusory assertion, the Complaint must be dismissed.  *See, e.g.*, *Rushton v. Eye Consultants of Bonita Springs*, No. 2:10-cv-357, 2011 WL 2601245, at *2 (M.D. Fla. June 30, 2011) (dismissing complaint where plaintiff's allegation that her employer had "annual gross revenue . . . in excess of $500,000.00 per annum" was, without "any facts to support" her assertion, a "mere recitation of the elements" of her FLSA claim).

### B.   The Complaint Does Not Allege That A "Plant Closing" Or "Mass Layoff" Occurred.

Yet another basic element is missing:  A plaintiff asserting a WARN Act claim must plead and prove that the defendant ordered a "plant closing" or "mass layoff."  29 U.S.C. § 2104(a)(1).  To show that an employment event qualified as a "plant closing" or "mass layoff," a plaintiff must allege sufficient facts to give rise to a plausible inference that at least 50 employees lost their jobs at a "single site of employment."  *Id.* § 2101(a)(2), (3)(B).

Plaintiff cannot make that showing here, because she does not limit her allegations to a "single site of employment, an element necessary for a WARN Act violation."  *Likes*, 787 F.3d

14

at 1100.  She claims that "Defendants employed . . . thousands [of people] across the nation," Compl. ¶ 16, and that Defendants' actions "resulted in the loss of employment for at least 50 employees" "*at the various facilities* for Defendants," *id.* ¶ 22 (emphasis added).  But the "various facilities for Defendants"—facilities that the Complaint admits are spread "across the nation"—are, of course, not part of a "single site of employment."  After all, if buildings "located on opposite sides of town" do not qualify as a single site of employment—and they general do not so qualify, as DOL regulations make clear, 20 C.F.R. § 639.3(i)(4)—then neither do disparate rent-a-car locations scattered "across the nation," Compl. ¶ 16.  *Accord, e.g.*, *Parks*, 2016 WL 538328, at *4 ("different employment sites located in different states and different cities . . . cannot, without more, be considered a single site of employment"); *see also Likes*, 787 F.3d at 1099 (relying on DOL regulations).  Plaintiff's WARN Act claim is thus inadequate on its face.

### C.    The Complaint Itself Shows That The Defendants Were Excused From The WARN Act's Notice Requirement.

Furthermore, even if Plaintiff had pled the identity of her employer and sufficient facts to conclude that it was subject to the WARN Act and had engaged in a plant closing or mass layoff—which she did not—the Complaint itself demonstrates that Defendants were "excused from the WARN Act's notice requirement."  *Watson v. Mich. Indus. Holdings, Inc.*, 311 F.3d 760, 766 (6th Cir. 2002).  This lawful, "obvious alternative explanation" for Defendants' conduct saps the plausibility from Plaintiff's theory.  *Twombly*, 550 U.S. at 567–68 (finding that market dynamics were a "natural explanation" for defendant's conduct that helped to foreclose plaintiff's suggestion of conspiracy).  The WARN Act "shields" businesses "from liability under the WARN Act," *Loehrer v. McDonnell Douglas Corp.*, 98 F.3d 1056, 1063 (8th Cir. 1996), for plant closings or mass layoffs that were "caused by business circumstances that were not reasonably foreseeable" at the time notice would have been required, 29 U.S.C. § 2102(b)(2)(A).  And

the Complaint leaves no doubt that unforeseeable business circumstances were at play here—namely, the ongoing global pandemic.  *See* Compl. ¶ 5 (acknowledging the "circumstance[s] surrounding the COVID-19 pandemic").

If there were ever a business circumstance that would justify excusing a company from the notice requirements under the WARN Act, the COVID-19 pandemic, which "has thrust humankind into an unprecedented global public health crisis," is it.  *Gayle v. Meade*, No. 20-cv-21553, 2020 WL 2086482, at *1 (S.D. Fla. Apr. 30, 2020).  The "unexpected and fast-moving COVID-19 pandemic," *United States v. Kahn*, No. 19-cr-80169, 2020 WL 1582279, at *4 (S.D. Fla. Apr. 2, 2020), has ricocheted through the economy, "disrupt[ing] the lives of [all] Americans," Exec. Order No. 13,927, 85 Fed. Reg. 35,165, 35,165 (June 9, 2020).  In just two months, "more than 41 million Americans filed for unemployment," *id.*, as "90% of Americans (and all Floridians) [have found themselves] subject to various state-implemented 'safer at home' orders," *Henry v. DeSantis*, No. 20-cv-80729, 2020 WL 2479447, at *2 (S.D. Fla. May 14, 2020).  This is the exact type of "sudden, dramatic, and unexpected action or condition outside the employer's control" that the unforeseeable business circumstances exception was made for.  *Pearce v. Faurecia Exhaust Sys., Inc.*, 529 F. App'x 454, 458 (6th Cir. 2013) (quoting 20 C.F.R. § 639.9(b)(1)).

Plaintiff nevertheless insists that Defendants should have known earlier and given Plaintiff some advance notice, although she does not say how much.  *See* Compl. ¶ 3.  Plaintiff is mistaken.  Although the WARN Act requires employers to "give as much notice as is practicable," 29 U.S.C. § 2102(b)(3), there are times when no notice is practicable and the "notice period may be . . . eliminated," *Hotel Emps. & Rest. Emps. Int'l Union Local 54 v. Elsinore Shore Assocs.*, 173 F.3d 175, 187 (3d Cir. 1999); *see, e.g.*, *Watson*, 311 F.3d at 766 (upholding application of

unforeseeable business circumstances exception, even though employer provided no advance notice).  This is one of them.  The WARN Act does not require "financially fragile, yet economi-cally viable, employers to provide WARN notice and close its doors when there is a *possibility* that the business may fail at some underdetermined time in the future."  *Watson*, 311 F.3d at 765.  To the contrary, businesses may fight on "until the very end and turn[ ] to layoffs only after" all other alternatives have been exhausted.  *Roquet v. Arthur Andersen LLP*, 398 F.3d 585, 589 (7th Cir. 2005).  *That* is when WARN Act notice is required.

Here, Plaintiff does not allege any facts to suggest that Defendants "really kn[e]w" they would need to permanently lay off workers until the last minute.  *Roquet*, 398 F.3d at 590.  Nor could Plaintiff responsibly allege such facts.  At a time when the "nature of both the COVID-19 virus *and* the public-health community's recommended responses to it" were rapidly "evolving," *Swain v. Junior*, 961 F.3d 1276, 1294 n. 11 (11th Cir. 2020) (emphasis added)—at times, "expo-nentially," *Gayle v. Meade*, No. 20-cv-21553, 2020 WL 3041326, at *4 (S.D. Fla. June 6, 2020)—Plaintiff cannot show that Defendants' alleged "failure to notify employees earlier" was "unreasonable," *Roquet*, 398 F.3d at 590; *cf. Terrell v. USAir, Inc.*, 955 F. Supp. 1448, 1455 (M.D. Fla 1996) ("Plaintiff's conclusory allegations that [defendant] could accommodate her . . . are insufficient to meet her burden of proving that accommodation was possible.").

In these circumstances, Defendants were "excused from the WARN Act's notice re-quirement under the unforeseeable business circumstances exception."  *Watson*, 311 F.3d at 766.  Plaintiff's complaint should be dismissed on this ground as well.

### 3.   CONCLUSION

For these reasons, the Complaint should be dismissed.  And because any "amendment would be futile," the dismissal should be with prejudice.  *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1163 (11th Cir. 2019).

Dated:  August 3, 2020

Respectfully submitted,


/s/ Christina Kennedy

Christina M. Kennedy
Florida Bar No. 58242
FOLEY & LARDNER, LLP
111 N. Orange Avenue, Suite 1800
Orlando, F.L. 32801
Phone:  (407) 244-7137
Email: ckennedy@foley.com

Michael D. Leffel (admitted *pro hac vice*)
FOLEY & LARDNER LLP
150 East Gilman Street
Madison, W.I. 53703
Phone: (608) 258-4216
Email: mleffel@foley.com

and

Jason C. Schwartz (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Phone: (202) 955-8500
Email: JSchwartz@gibsondunn.com

*Attorneys for Defendants Enterprise
Holdings, Inc., Enterprise Leasing Company
of Florida, LLC, and Enterprise Leasing
Company of Orlando, LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to all

counsel via filing with this Court's CM/ECF system this 3rd August, 2020.

*/s/* Christina Kennedy

Christina M. Kennedy
Florida Bar No. 58242
