UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVA BENSON; and PATRINA
MOORE,

        Plaintiffs,

v.                                        Case No. 6:20-cv-891-Orl-37LRH

ENTERPRISE LEASING COMPANY OF
FLORIDA, LLC; ENTERPRISE
LEASING COMPANY OF ORLANDO,
LLC; and ENTERPRISE HOLDINGS,
INC.,

        Defendants.

_____

## <u>ORDER</u>

Defendants move to dismiss Plaintiffs' amended complaint (Doc. 35 ("**Complaint**")) for lack of standing, lack of personal jurisdiction, and for failure to state a claim. (Doc. 42 ("**Motion**").) Plaintiffs responded (Doc. 46) and Defendants replied (Doc. 51). On review, the Motion is denied, in part without prejudice to allow for jurisdictional discovery.

## I.    BACKGROUND

In this putative class action, Plaintiffs allege their former employers—Defendants—violated the Worker Adjustment and Retraining Notification Act ("**WARN Act**") by dismissing them with little to no notice. (Doc. 35.)

Defendants Enterprise Leasing Company of Florida, LLC ("**Enterprise Florida**")

-1-

and Enterprise Leasing Company of Orlando, LLC ("**Enterprise Orlando**") are both wholly owned subsidiaries of Defendant Enterprise Holdings, Inc. ("**EHI**"). (*See* Doc. 35, ¶ 54; *see also* Doc. 42, p. 35 ¶ 4, p. 43 ¶ 4.) Plaintiff Elva Benson ("**Benson**") worked as a rental agent for an Enterprise company at the Orlando airport; Plaintiff Patrina Moore ("**Moore**") worked as an Enterprise clerk at the Tampa Airport. (Doc. 35, ¶¶ 20–21, 27–29.) The parties dispute whether Benson and Moore each worked solely for Enterprise Orlando and Enterprise Florida, respectively, or if EHI is also their employer.  (*See id*; *cf.* Doc. 42, pp. 6–9, p. 37 ¶ 20, p. 43, ¶ 20.)

Both Benson and Moore had been Enterprise employees for decades—but COVID-19 changed that. (Doc. 35, ¶¶ 20, 27–28, 70, 74–75; *see also* Doc. 35-1, p. 2.) In April 2020, mass layoffs began at both the Orlando and Tampa airport Enterprise locations: 108 people lost their jobs in Orlando and almost 400 people lost their jobs in Tampa. (Doc. 35, ¶¶ 85–86.) Plaintiffs were among those laid off. (*Id.* ¶ 84.) Benson was given no advance written notice of her termination and Moore only six days. (*Id.* ¶ 6.)

So Plaintiffs sued for WARN Act violations. (Doc. 35.) Defendants now move to dismiss for lack of standing or personal jurisdiction over EHI and for failure to state a claim against all Defendants. (Doc. 42.) Briefing complete, the matter is ripe. (Docs. 46, 51.)

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(6)

Under the minimum pleading requirements of the Federal Rules of Civil

Procedure, plaintiffs must provide short and plain statements of their claims with simple and direct allegations set out in numbered paragraphs and distinct counts. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b). If a complaint does not follow these minimum pleading requirements, if it is barred, or if it otherwise fails to set forth a plausible claim, then it may be dismissed under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 672, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

### B.      Rule 12(b)(1) and Rule 12(b)(2)

Rule 12(b)(1) attacks on subject matter jurisdiction may be facial or factual. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). For facial attacks, the Court accepts the complaint's allegations as true. *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys. Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Factual attacks allow a court to "consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael*, 572 F.3d at 1279. Factual attacks place the burden on the plaintiff to show that subject matter jurisdiction exists. *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002).

Similarly, in Rule 12(b)(2) attacks on personal jurisdiction, "[t]he plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1268–69 (11th Cir. 2002) (citation omitted). If unrefuted, the Court accepts the well-pled facts as true. *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999). But if "the defendant submits affidavits to the contrary, the burden traditionally shifts back to the plaintiff to produce

evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier*, 288 F.3d at 1269 (citing *Posner*, 178 F.3d at 1215). Should the plaintiff's complaint and supporting evidence conflict with the defendant's affidavits, a court "must construe all reasonable inferences in favor of the plaintiff." *Id.* (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

### III.   ANALYSIS

#### A.   Standing & Personal Jurisdiction

Defendants first attack the Court's jurisdiction, arguing Plaintiff lacks standing against EHI under 12(b)(1) or personal jurisdiction over EHI under 12(b)(2) because EHI is not Plaintiffs' employer. (Doc. 42, pp. 5–19.) Both parties agree the same analysis is required under both 12(b)(1) and 12(b)(2): if EHI is Plaintiffs' employer under the WARN Act, both subject matter and personal jurisdiction exist; if not, EHI should be dismissed as Plaintiffs have asserted no other ground for establishing jurisdiction. (*See* Doc. 42, pp. 5–19; Doc. 46, pp. 12, 12 n.4); *see also Comeens v. HM Operating, Inc.*, No. 6:14-cv-00521-JHE, 2014 WL 12650134, at *3 (N.D. Ala. Sept. 12, 2014). Defendants attack both the adequacy of the pleadings and provide extrinsic evidence. Let's first examine the pleadings.

#### 1.   Adequacy of the Pleadings

The WARN Act was created in part to protect employees from sudden large layoffs by requiring significant employers "to provide adequate notice of future layoffs to all employees before ordering a mass layoff or plant closing." *Sides v. Macon Cnty.*

*Greyhound Park Inc.*, 725 F.3d 1276, 1280 (11th Cir. 2013). Under the WARN Act, when determining who the "employer" is, subsidiaries may be treated as part of the parent company if the subsidiary isn't independent enough. *See* 20 C.F.R. § 639.3(a)(2); *see also Comeens v. HM Operating, Inc.*, No. 6:14-cv-00521-JHE, 2014 WL 12650134, at *2–3 (N.D. Ala. Sept. 12, 2014). There are four factors courts use in determining if the subsidiary is independent: (i) common ownership; (ii) common directors and/or officers; (iii) de facto exercise of control; (iv) unity of personnel policies emanating from a common source; and (v) the dependency of operations. 20 C.F.R. § 639.3(a)(2). This "joint employer" test is "essentially a WARN Act-specific version of the common-law veil-piercing doctrine . . . ." *Comeens*, 2014 WL 12650134, at *3.

Defendants first argue Plaintiffs failed to *allege* enough facts establishing EHI can is a joint employer, but this argument is unconvincing. (Doc. 42, pp. 5–17.) Both parties agree that the first two elements—common ownership and common directors—favor Plaintiffs but have limited significance. (Doc. 42, pp. 10–11; Doc. 46, pp. 4–5.) As to the third—de facto control—both parties agree this factor is important, but Defendants argue there are no allegations showing EHI exercised control, which Plaintiffs contest. (Doc. 42, pp. 11–14; Doc. 46, pp. 9–13.) Plaintiffs have the better argument.

Plaintiffs allege EHI terminated them without notice and the decision to do so originated in EHI's corporate offices. (Doc. 35, ¶¶ 59, 66–69; *see also* Docs. 35-1, 35-2.) Plaintiffs attach two termination letters to the Complaint—Benson's and that of a former Plaintiff, Elizabeth Daggs. (Docs. 35-1, 35-2; Docs. 53–54.) The two letters are identical

except for the signature block and contact information at the bottom. (*See* Doc. 35-1; *cf.* Doc. 35-2.) In each letter, the employee's supervisor purports to speak on behalf of "Enterprise Holdings," which the letters generally call "Enterprise," writing "Enterprise has realized that additional action is necessary. Accordingly, your layoff will end and your employment with Enterprise will permanently terminate . . . ." (*Id.*) Defendants argue these letters don't support Plaintiffs' argument because Enterprise subsidiaries also use the fictitious name "Enterprise Holdings" when doing business and because the phone numbers offered for contact information at the end of the letters are from Florida and Nevada—not EHI's corporate headquarters. (Doc. 42, pp. 11–14.) So, Defendants argue, Plaintiffs have failed to allege EHI controlled its subsidiaries' decisions. (*Id.*) Not so. While different conclusions can be drawn from the attached letters, none are so blatantly contradictory to Plaintiffs' claims in the Complaint that the Court will disregard its allegations.[1] The letters are identical and both purport to speak on behalf of "Enterprise Holdings"—it is not a stretch to infer decisions are made at corporate headquarters, consistent with Plaintiffs' allegations. (*See* Docs. 35-1, 35-2; see also Doc. 35, ¶¶ 59, 66–69.) So, *as alleged*, this third factor favors Plaintiff.

As to the remaining two factors—unity of personnel policies and dependency of operations—Plaintiffs have alleged enough facts showing these also weigh in their favor.

---

[1] Even the additional letter Defendants attach to their Motion doesn't cause Plaintiffs' allegations to "crumble," as Defendants argue. (Doc. 42, pp. 13, 50.) Again, the letter is substantially similar to the letters Plaintiffs attach to the Complaint, and purport to be on behalf of "Enterprise" and "Enterprise Holdings." (*See id.* at 50.) Nothing in the letter contradicts Plaintiffs' well-pled factual allegations.

(*See* Doc. 35, ¶¶ 52–65.) "In the context of the WARN Act, the decision to effect a mass layoff is the single most important personnel policy." *Vogt v. Greenmarine Holding, LLC*, 318 F. Supp. 2d 136, 143 (S.D.N.Y. 2004). And besides alleging EHI effected the mass layoffs, Plaintiffs allege EHI disseminates employment policies and resources, including policies on employee benefits, hiring, advancement, and salaries to its subsidiaries. (Doc. 35, ¶¶ 55–57, 59.) So Plaintiffs have alleged a unity of personnel policies. Plaintiffs also allege a dependency of operations, claiming EHI supplies administrative services and support to Enterprise Florida and Enterprise Orlando, all maintain an interconnected email plan, and all depend on the same health plan. (*Id.* ¶¶ 61–65.) Taken together, Plaintiffs have alleged all five factors under the WARN Act's joint employer test favor Plaintiff and that EHI is considered their employer on these claims. *See Mowat v. DJSP Enters., Inc.*, No. 10-62302-CIV, 2011 WL 13214330, at *3–4 (S.D. Fla. Apr. 28, 2011); *see also* 20 C.F.R. § 639.3(a)(2).

### 2.    Extrinsic Evidence

The inquiry doesn't end there, however, because besides attacking Plaintiffs' allegations, Defendants also launch a factual attack, submitting affidavits that contradict the Complaint. (*See* Doc. 42, pp. 17–19, 35–50.) But can the Court consider this extrinsic evidence? Plaintiffs, who submit no extrinsic evidence of their own, say this evidence can't be considered at the pleadings stage. (Doc. 46, p. 3.) Defendants say it can because EHI is asserting jurisdictional defects (lack of standing and personal jurisdiction). (Doc. 42, pp. 17–19.)

First, lack of standing. While a court *can* consider extrinsic evidence on a subject matter jurisdictional challenge, if the challenge "implicate[s] the merits of the underlying claim" courts should "find that jurisdiction exists and deal with the objection as a direct attack on the merits." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (cleaned up). If Defendants' attack implicates the merits of Plaintiffs' WARN Act claim, the Court must treat the Motion as a motion for summary judgment and allow Plaintiff the opportunity for discovery. *See id.* And Defendants' attack does.

To succeed on their WARN Act claim, Plaintiffs must be able to prove there was "an employer who fired employees." *Sides*, 725 F.3d at 1281 (quotation marks and citation omitted). Under many similar statutes—the Age Discrimination in Employment Act and the Family Medical Leave Act, for instance, where "employer status is a substantive element of [the] claim,"—an "'employee status implicates both jurisdiction and the merits, and is properly reserved for the finder of fact." *Morrison*, 323 F.3d at 925–28 (cleaned up). As the employer-employee relationship is a substantive element of a WARN Act claim, Defendants' attack implicate the merits of Plaintiffs' cause of action and the Motion must be treated as a motion for summary judgment. *See id.* So the Court can consider the extrinsic evidence, but it must do so under the standards and protections of Federal Rule of Civil Procedure 56 and Plaintiffs must have a chance to conduct limited jurisdictional discovery and respond. *See Simpson v. Holder*, 184 F. App'x 904, 909–10 (11th Cir. 2006); *see also Douglas v. United States*, 814 F.3d 1268, 1274–75 (11th Cir. 2016). Similarly, with personal jurisdiction, "[f]ederal courts have generally authorized

jurisdictional discovery antecedent to resolving Rule 12(b)(2) motions to dismiss for want of personal jurisdiction." *Court-Appointed Receiver for Lancer Mgmt. Grp. LLC v. Cable Rd. Invs. Ltd.*, No. 05-60145-Civ-MARRA/SELTZER, 2007 WL 9698235, at *2 (S.D. Fla. Jan. 17, 2007); *see also Seiz v. Quirk*, No. 4:12-CV-272-HLM, 2013 WL 12290850, at *2–3 (N.D. Ga. Jan. 3, 2013). So the Court denies the Motion with respect to EHI but the denial is without prejudice. Plaintiffs may move to request jurisdictional discovery if they wish to rebut Defendants' factual assertions in its affidavits and exhibits; after the close of jurisdictional discovery (or if Plaintiffs decline to request jurisdictional discovery), Defendants may refile their Motion and the Court will then make a final determination whether Plaintiffs have established both subject matter and personal jurisdiction over EHI.

**B.      Failure to State a Claim**

Defendants also move to dismiss the Complaint for failing to state a WARN Act claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 42, pp. 19–25.) A WARN Act claim has three elements: "(1) a mass layoff or plant closing as defined by the statute conducted by (2) an employer who fired employees (3) who, pursuant to WARN, are entitled to notice." *Sides*, 725 F.3d at 1281 (cleaned up). Under the WARN Act, employees are entitled to a 60-day notice unless the employer can show that one of several affirmative defenses applies. *See* 29 U.S.C. § 2102(a), (b); 20 C.F.R. § 639.9; *see also Carver v. Foresight Energy LP*, No. 3:16-cv-3013, 2016 WL 3812376, at *3 (C.D. Ill. July 12, 2016). Defendants claim two defenses apply—the "natural disaster" defense and the "unforeseeable business circumstances" defense. (Doc. 42, pp. 12–25.)

Plaintiffs aren't "required to negate an affirmative defense in [their] complaint." *Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976 (11th Cir. 2015) (citation omitted). And typically, "the existence of an affirmative defense will not support a motion to dismiss." *Id.* (citation omitted). However, dismissal is appropriate "when the existence of an affirmative defense clearly appears on the face of the complaint." *Id.* (cleaned up). Here, Defendants argue their two defenses appear on the face of the Complaint and dismissal is appropriate. (Doc. 42, pp. 19–25.) Not so.

First, the natural disaster defense. Under the WARN Act, no notice is required "if the plant closing or mass layoff is due to any form of natural disaster, such as a flood, earthquake, or the drought currently ravaging the farmlands of the United States." 29 U.S.C. § 2102(b)(2)(B). "To qualify for this exception, an employer must be able to demonstrate that its plant closing or mass layoff is a *direct result* of a natural disaster." 20 C.F.R. § 639.9(c)(2) (emphasis added). Defendants argue COVID-19 is a natural disaster, relieving it of the WARN Act's notice requirements. (Doc. 42, pp. 20–21.) But while COVID-19 may be a natural disaster within the meaning of the WARN Act, the Complaint does not allege the layoffs resulted directly from the pandemic. The Complaint (and unfortunate experience) shows a more tenuous connection: COVID-19 caused global concern over the spread of the virus, leading to a global shutdown—travel stalled, as did economies. (*See* Doc. 35-1, p. 2.) So fewer people traveled, fewer people flew—and fewer people rented cars from Enterprise in Orlando's and Tampa's airports. Enterprise experienced "a dramatic downturn in business" and Plaintiffs were laid off.

(*See id.*) This isn't a situation where, for example, a factory was destroyed overnight by a massive flood—that would be a "direct result" of a natural disaster. This is an indirect result—more akin to a factory that closes after nearby flooding depressed the local economy. Defendants' facilities or staff didn't disappear overnight, suddenly wiped out. Instead, COVID-19 caused changes in travel patterns and an economic downturn, which affected Defendants—so the natural disaster defense doesn't apply; rather, the "unforeseeable business circumstances exception" is the proper focus.

This interpretation finds support in the WARN Act regulations and Department of Labor ("**DOL**") guidance.[2] Where the layoffs occur "as an indirect result of a natural disaster, the [natural disaster] exception does not apply but the 'unforeseeable business circumstance' exception . . . may be applicable." 20 C.F.R. § 639.9(c)(4). And a COVID-19 "frequently asked questions" packet promulgated by the DOL for the WARN Act states COVID-19 may constitute an "unforeseeable business circumstance," never once referencing the natural disaster exception—a deafening silence given the document's topic. U.S. Dep't of Labor, *Worker Adjustment and Retraining Notifications Act Frequently Asked Questions*, available at https://www.dol.gov/agencies/eta/layoffs/warn (last accessed Dec. 29, 2020), [hereinafter *DOL COVID-19 FAQs*]. So the natural disaster defense doesn't apply from the face of the Complaint and the Court turns to the more-

---

[2] This guidance is not binding on the Court but the Court finds the DOL's perspective helpful. U.S. Dep't of Labor, *Worker Adjustment and Retraining Notifications Act Frequently Asked Questions*, p. 2, available at https://www.dol.gov/agencies/eta/layoffs/warn (last accessed Dec. 29, 2020).

applicable "unforeseeable business circumstances" defense.

Here, Plaintiffs have alleged facts showing this defense may apply. (*See* Doc. 35-1, p. 2); 20 C.F.R. § 639.9(b), (c)(4); *DOL COVID-19 FAQs*. But dismissal is not warranted because under this defense, unlike the natural disaster defense, the WARN Act doesn't waive the notice requirement but softens it: employers are only required to "give as much notice as is practicable." *See* 29 U.S.C. § 2102(b)(2)(A), (b)(3); *Sides*, 725 F.3d at 1284–85. Benson received no advance notice, Moore only six days. (Doc. 35, ¶ 6.) Nothing in the Complaint or attached documents clarify Defendants couldn't have given *more* notice, as required by statute. (*See* Doc. 35); *Twin City Fire Ins. Co*, 609 F. App'x at 976. Exactly when Defendants had to give notice will doubtless be a hotly contested factual issue, but at this stage, taking the allegations in the Complaint as true, Plaintiff has stated a claim for a WARN Act violation. *See Sides*, 725 F.3d at 1284–85. Defendants' Motion is denied.

## IV.   CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Defendants' Dispositive Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 42) is **DENIED, as follows:**

    a. Defendants' motion to dismiss Defendant Enterprise Holdings, Inc. for lack of standing and personal jurisdiction is **DENIED WITHOUT PREJUDICE;**

    b. In all other respects, the Motion is **DENIED.**

-12-

2.      By Thursday, **January 14, 2021** Plaintiffs may file a motion with the Court seeking jurisdictional discovery on the relationship between Defendant Enterprise Holdings, Inc. and its subsidiaries, Defendants Enterprise Leasing Company of Florida, LLC and Enterprise Leasing Company of Orlando, LLC, to determine if Enterprise Holdings, Inc. is Plaintiffs' employer under the WARN Act. Failure to file may foreclose Plaintiffs' opportunity to provide additional evidence of personal and subject matter jurisdiction.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 4, 2021.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

-13-