UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVA BENSON,

    Plaintiff,

v.                                                      Case No. 6:20-cv-891-RBD-LRH

ENTERPRISE LEASING COMPANY
OF ORLANDO, LLC; and
ENTERPRISE HOLDINGS, INC.,

    Defendants.
_____

## PRELIMINARY APPROVAL ORDER

Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 130 ("Motion")). On review, in light of the parties' agreement, the Motion is due to be granted and the class settlement agreement (Doc. 130-1 ("Agreement")) is preliminarily approved.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Motion (Doc. 130) is **GRANTED**.

2. The Court **PRELIMINARILY APPROVES** the Agreement (Doc. 130-1) as fair, reasonable, and adequate.

3. Solely for purposes of settlement, the following Settlement Class is **PROVISIONALLY CERTIFIED** pursuant to Fed. R. Civ. P. 23(b)(2):

All Enterprise employees who worked at or reported to Enterprise facilities in the United States and were terminated without cause on or about April 24, 2020, or within 14 days of April 24, 2020, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered on or about April 24, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who did not sign a severance agreement with Enterprise, are not subject to an arbitration agreement, and who do not file a timely request to opt-out of the class. (*See* Doc. 130-1, ¶ 52.)

4. Based on the parties' stipulations, and for settlement purposes only:

   a. The above-described Settlement Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact common to the Settlement Class;

   c. The claims of the Class Representative are typical of the claims of the Settlement Class;

   d. The Class Representative, Elva Benson, will fairly and adequately protect the interests of the Settlement Class;

   e. The questions of fact or law common to the members of the Settlement Class predominate over the questions affecting only individual members; and

   f. Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court finds that it has personal jurisdiction over all Settlement Class members ("Class Members") and Defendant.

6. The Court approves Luis A. Cabassa and Brandon J. Hill of Wentzel Fenton & Cabassa, P.A. as settlement Class Counsel.

7. A Final Approval Hearing is set for **Tuesday, April 19, 2022** at **1:30 p.m.**, to address whether the proposed Agreement should be approved. The Final Approval Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

8. The Court **APPROVES**, as to form, content, and procedure, the Notice set forth in the Agreement and its exhibits (Doc. 130-1). The parties shall adhere to the deadlines set forth in the Motion (Doc. 130, p. 21).

9. Class Members may opt-out or object to the settlement pursuant to the procedures and deadlines set forth in the Agreement. (Doc. 130-1, ¶¶ 70, 71.)

10. All proceedings in this case are **STAYED** until further Order of the Court, except as may be necessary to implement the terms of the Settlement.

11. Pursuant to Rule 23(h), Class Counsel may file a motion for attorney's

fees and costs no later than fourteen days before the objection deadline for class members.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 10, 2022.

ROY B. DALTON JR.
United States District Judge