UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELVA BENSON, on behalf of
herself and on behalf of all others
similarly-situated,

      Plaintiff,

v.                        CASE NO.: 6:20-cv-891-Orl-37LRH

ENTERPRISE HOLDINGS, INC.,
and ENTERPRISE LEASING
COMPANY OF ORLANDO, LLC,

      Defendants.
_____/

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S
UNOPPOSED MOTION FOR FINAL APPROVAL OF THE PARTIES'
CLASS ACTION SETTLEMENT, AND PLAINTIFF'S UNOPPOSED
MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff, Elva Benson, respectfully files this Supplemental Brief in support of her Unopposed Motion for Final Approval of the Parties' Class Action Settlement (Doc. 134), and her Unopposed Motion for Attorneys' Fees and Costs. (Doc. 133). Prior to filing this supplemental brief, Plaintiff's counsel shared this brief with Defendants' counsel and confirmed Defendants have no objection to the statements and arguments made herein.

During the hearing on April 20, 2022, the Court asked for additional briefing on the issue of attorneys' fees and costs. Specifically, the Court asked Class Counsel to explain whether the Eleventh Circuit's decision *In re Home Depot Inc.*, 931 F.3d 1065 (11th Cir. 2019) required treating the settlement in this case as a "constructive

common fund," or not.

In sum, as explained below, Class Counsel respectfully submits that application of the *Home Depot* decision supports the lodestar request for attorneys' fees included in their fee petition.  However, if the Court disagrees or believes the settlement too closely resembles a "constructive common fund," based on the novelty and difficulty this case presented, Class Counsel respectfully asks in the alternative the Court award the undersigned 50% of the total settlement amount, equal to $212,500.  Such a request is in line with *Camden I.  See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774–75 (11th Cir. 1991) ("To avoid depleting the funds available for distribution to the class, **an upper limit of 50% of the fund may be stated as a general rule**, **although even larger percentages have been awarded**." (citing H. Newberg, *Attorney Fee Awards* § 2.01 at 51 (1986)) (Emphasis added).

## MEMORANDUM OF LAW

### I.   Background on the *Home Depot* Decision.

Because the Court specifically asked about the *Home Depot* decision, and how it applied to the settlement in this case, below is a summary at both the District Court and Eleventh Circuit of the *Home Depot* case.

Between April 2014 and September 2014, Home Depot was the subject of a massive data breach. Hackers stole the debit and credit card information of approximately 56 million Home Depot customers and sold that information to thieves who then made thousands of fraudulent transactions using the customers'

credit and debit card numbers. *Id*. at 1076.  The Class Representatives and Home Depot reached a settlement agreement, and the District Court approved it. *Id*. at 1075. As part of the agreement, Home Depot agreed to pay Class Counsel "reasonable attorneys' fees, costs, and expenses" as determined by the District Court. *Id*.  The agreement, however, did not specify what a "reasonable" fee would be.  *Id*.  Nor did it specify the method the District Court should use in determining the fee.

Once the District Court approved the settlement agreement, Class Counsel moved the court for an attorney's fee award of $18 million. *Home Depot*, 931 F.3d at 1076. Class Counsel argued that this amount was reasonable under either the percentage method, or the lodestar method, and did not take a stance on which method the District Court should use.  *Id*.  Home Depot, on the other hand, argued that the Court was required to use the lodestar method and suggested a fee of $5.6 million was reasonable. *Id*.

The District Court found that the lodestar approach was the proper method of calculating attorney's fees and accepted the lodestar proposed by Class Counsel. *Id*. To account for the "exceptional litigation risk that class counsel took in litigating this case," the District Court then applied a multiplier of 1.3 to arrive at a total fee award of $15.3 million. *Id*.  The Court also used a percentage cross-check, which, after including the $14.5 million premiums in the class benefit and excluding any attorney's fees, showed that the fee award was slightly more than a third of the class benefit, which the Court found to be reasonable.  *Id*.

3

Home Depot appealed the District Court's attorney's fee award, arguing that the attorney's fee award was excessive and, therefore, not "reasonable" within the meaning of the attorney's fee provision of the settlement. *See id.* at 1077–1078. On July 25, 2019, the Eleventh Circuit issued an opinion affirming the District Court's attorney's fee award "in all respects except one." *Id.* at 1072. More specifically, the Eleventh Circuit found no error in the District Court's calculation of the lodestar of $11.733 million and, therefore, affirmed its use in fixing the attorney's fee award. *Id.* at 1086–91. Finally, the Eleventh Circuit found error in the District Court's use of the 1.3 multiplier because the lodestar already took such risk into account. *Id.*

## II.   **The Holding from *Home Depot* Applied to this Case**.

### A.   **This is a Fee-Shifting Case Because Fees are Paid by Enterprise.**

Contrary to this case, in *Home Depot* class counsel urged the Eleventh Circuit to treat the parties' agreement as a "constructive common fund."  The Eleventh Circuit refused, instead finding that the lodestar method for determining fees applied.  This Court should reach the same conclusion.  Here, just as in *Home Depot*, the lodestar method applies. In fact, under the settlement agreement, the amount of fees approved by the Court does <u>not</u> impact the $175,000 fund created for class members.  In other words, if the Court reduces Class Counsel's fees, neither the gross nor the net settlement payments to Class Members increase. Instead, Enterprise simply retains the money. (*See* Doc. 130-1, p. 17, ¶ 54, defining Settlement Fund as gross sum of $175,000).

In *Home Depot,* the Eleventh Circuit specifically held that "the key distinction between common-fund and fee-shifting cases is whether the attorney's fees are paid by the client (as in common-fund cases) or by the other party (as in fee-shifting cases). Applying this understanding of attorney's fees, we are convinced that this is a fee-shifting case." *Home Depot*, 931 F.3d at 1079.

In this case, just like in *Home Depot*, the Settlement Agreement requires Enterprise to pay Class Counsel's attorneys' fees, not the Class Members.  As a result, fees do not reduce the Class Member's claims.  Below is the language from the settlement agreement on the issue of attorneys' fees:

> Defendants agree that Class Counsel may apply to the Court for an award of attorney's fees in the amount of $250,000.00 to be paid directly by Defendants. Defendants agree not to oppose Plaintiff's application for attorneys' fees to the extent that they are consistent with these limitations. Class Counsel's attorneys' fees were discussed separately from and independent of the Settlement Fund amount for the Class Members. Additionally, Defendants agree Class Counsel may also apply separately for reimbursement from the Settlement Fund for litigation expenses up to $10,000.00 to be paid from the Settlement Fund, subject to Court approval.[1]

The above language is similar to that found in the *Home Depot* agreement. Thus, by tracking the Eleventh Circuit's logic from *Home Depot*, this too is a fee-shifting case.  Just like here, on its face, the *Home Depot* settlement agreement required Home Depot to pay class counsel's attorney's fees separately from the fund to class members. *Home Depot*, 931 F.3d at 1079.  The *Home Depot* agreement also stated that "[a]ny award of attorneys' fees, costs, and expenses shall

---

[1] (Doc. 130-1, pp. 22-23, ¶ 63).

be paid separate from and in addition to the Settlement Fund." *Home Depot*, 931 F.3d at 1079.  When analyzing such language in the settlement agreement from *Home Depot*, the Eleventh Circuit held as follows: "[t]hat sounds like fee shifting. Indeed, it is hard to imagine how the settlement agreement could be any clearer that Home Depot will pay the attorney's fees, and that payment will not come out of the class fund." *Id.*

The same is true here.  Under the settlement agreement in this case, Enterprise is to pay Class Counsel's fees.  Payment of fees does not come from the class fund.  Further, just as in *Home Depot*, the fees here arise under the Parties' settlement agreement—specifically, the contractual provision requiring Enterprise to pay Class Counsel's fees as part of the settlement.  In the Eleventh Circuit a settlement agreement is a contract which must be construed "to effectuate the intent of the parties," *Pottinger v. City of Miami*, 805 F.3d 1293, 1298 (11th Cir. 2015).  The parties' intent was for the fees to be paid separately by Enterprise—i.e., a fee-shifting arrangement.  In fact, as counsel for Defendant and Class Counsel explained during the hearing on April 20, 2022, the funds paid to class members were negotiated on a per-day basis.  The funds for attorneys' fees were negotiated based on class counsel's representations of time and fees incurred.  Fees were "discussed separately from and independent of the Settlement Fund amount for the Class Members." (Doc. 130-1, pp. 22-23, ¶ 63).  As a result, this Court should follow Home Depot and apply the lodestar method to Class Counsel's fee request.

**B.** **The "Package Deal" Reasoning From *Home Depot* Does Not Apply**.

Additionally, as the Eleventh Circuit explained in *Home Depot*, the rationale for the "constructive common fund" is that the defendant negotiated the payment to the class and the payment to counsel as a "package deal." *Id.* at 1080. (*quoting Johnston v. Comerica Mortg. Co*rp., 83 F.3d 241, 246 (8th Cir. 1996)). The defendant is concerned, primarily, with its total liability. *Id.* Under such scenarios, courts have recognized that, as a practical matter, defendants undoubtedly take into account the amount of attorney's fees when they agree on an amount to pay the class. *Id.* (citations omitted).

The package-deal reasoning from *Home Depot* does not apply to the Parties' agreement in this case. Put simply, there was no package. Merely that the agreement references the total settlement amount does not change things. *See, e.g., Doc.* 130-1, p. 23, ¶ 64. Instead, the attorneys' fees to be paid in this case were "discussed separately from and independent of the Settlement Fund amount for the Class Members," and are subject only to a reasonable limitation by the Court of a lodestar amount capped at $250,000. Thus, consistent with the *Home Depot* holding, because there is no single pool of money from which the Class Members and their counsel will both get paid (i.e., where the Class Members will give up some of their settlement fund to compensate their counsel), the lodestar method applies.

### C.     The Lodestar Cap Was Necessary for Settlement.

Unlike in *Home Depot*, here there is a cap on attorneys' fees in the Parties' settlement.   Class Counsel acknowledges that, according to the *Home Depot* decision, when courts have applied the constructive common-fund doctrine, the parties have often agreed to a "cap" on the attorney's fees. *See, e.g., Home Depot Inc.,* 931 F.3d at 1081; citing *Johnston*, 83 F.3d at 243–44; *Dennis v. Kellogg Co.*, 697 F.3d 858, 863 (9th Cir. 2012). *But see In re Gen. Motors Corp.*, 55 F.3d at 781, 821 (characterizing the fee arrangement as a common fund even though the fees were paid separately and left completely undetermined).   In that scenario, according to the Eleventh Circuit, the constructive common fund makes more sense because the defendant used the cap to determine its total exposure and (theoretically) limited the class member's recovery accordingly.  *Home Depot Inc.,* 931 F.3d at 1081.

While the Parties' settlement here includes a cap of $250,000 for fees, as set forth above, in this case the Parties' intent was not to create a common fund, constructive or otherwise. Rather, the $250,000 lodestar cap was included to facilitate settlement.  The cap was included to give Enterprise peace of mind as to what Class Counsel might be entitled to receive under the settlement.  Given the nature of the allegations, claims, and defenses, without including such a cap it's unlikely the Parties would ever have settled this case.

## III.   **Alternative Fee Request.**

In the alternative, if for any reason the Court believes the Parties' settlement too closely resembles a "constructive common fund," Class Counsel asks the Court award as fees 50% of the constructive common fund, totaling $212,500.[2]  As set forth previously, this request lines up with *Camden I.*  Under *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774–75 (11th Cir. 1991), "[t]o avoid depleting the funds available for distribution to the class, **an upper limit of 50% of the fund may be stated as a general rule**, **although even larger percentages have been awarded**."  (citing H. Newberg, *Attorney Fee Awards* § 2.01 at 51 (1986)) (Emphasis added).

Indeed, "federal district courts across the country have, in the class action settlement context, routinely awarded class counsel fees in excess of the 25 percent 'benchmark,' even in so-called 'mega-fund' cases." *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (emphasis added); *see, e.g., In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 498 (D.D.C. 1981) (**45 percent**); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.*, 480 F. Supp. 1195, 1199 (S.D.N.Y. 1979), aff'd, 622 F.2d 1106 (2nd Cir. 1980) (**approximately 53 percent**); *Zinman v. Avemco Corp.*, 1978 WL 5686 (E.D. Pa. Jan. 18, 1978) (Higginbotham, J.) (**50 percent**).

---

[2] This amount is derived by taking $175,000 fund amount for class members + $250,000 in fees Enterprise agree to pay subject to Court approval = $425,000 x .50 = $212,500. Additionally, Class Counsel asks they be awarded their reasonable litigation costs from the fee petition totaling $7,185.40.

In this case, if the Court chooses to not award Plaintiff's counsel the $250,000 lodestar amount in fees sought, a 50% award of the total "constructive common fund" is warranted.  That equals $212,500, equivalent to $37,500 less than the $250,000 Enterprise agreed to pay.  It is also far less than value of the time Class Counsel spent litigating this case.[3]

*In Camden I*, 946 F.2d at 772 n.3, the Eleventh Circuit set out the factors originally set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974)), for determining the reasonable of fees in a common fund case.  These twelve factors are guidelines; they are not exclusive.  "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any nonmonetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Camden* I, 946 F.2d at 775. In addition, the Eleventh Circuit has "encouraged the lower courts to consider additional factors unique to the particular case." *Id.*

In terms of the *Camden / Johnson* factors, Class Counsel carefully analyzed each of the twelve factors in the original fee petition.  (*See* Doc. 133, pp. 10-25).  To recap briefly, unlike other common employment law-related claims, such as suits brought under the Fair Labor Standards Act, WARN Act cases are uncommon.  It's not every day employers engage in mass layoffs, or plant closings, which meet the threshold numbers needed to support WARN Act claims.  Additionally, this case is

---

[3] *See, e.g*., Doc. 133-2, p. 29.

extremely unique.  It was one of the first WARN Act cases brought following a mass layoff engaged in by an employer because of the economic downturn caused by the COVID-19 pandemic.  Some legal commentators called it one of the top Coronavirus-related employment suits to watch in 2020.[4]  Others claimed it would "serve as a guidepost for other federal judges grappling with the same questions."[5]  As a result, this case is extremely novel.  It also presented difficult questions of both fact and law.

Class Counsel submits that only a small subset of the Bar is willing and able to handle this type of case, evidenced by the relatively few number of WARN class action cases filed (or pending) dealing with similar issues. Class Counsel had the expertise to bring this case and the expertise to marshal it to a favorable outcome. Few lawyers have the skill and wherewithal to see this case through, against sophisticated and well-funded Defendants and top-notch Defense Counsel, to the conclusion the Plaintiff presents for Final Approval.

Finally, and most importantly, zero Class Members have objected to the Settlement.  Similarly, only two exclusions were received.  Considering the size of the Class, coupled with the fact that more than 323 class members have filed valid claims so far, and that no funds revert to Defendants, the Settlement is an excellent outcome.  Not only that, during the hearing on April 20, 2022, the Court indicated

---

[4] Braden Campbell, Employment Suits to Watch 6 Months into the Pandemic, Law360 (Sept. 4, 2020).
[5] Anne Cullen, Enterprise WARN Act Ruling Spells Trouble for Big Employers, Law360 (Jan. 11, 2021).

it had no issue with the Parties' settlement other than with Class Counsel's fees (addressed above).  Thus, the settlement remains fair, reasonable, and adequate. Plaintiff and Class Counsel ask that the Court approve it.

## 3.01(g) Certificate of Compliance

Pursuant to Local Rule 3.01(g), Counsel for Plaintiff conferred with counsel for the Defendants prior to filing this brief, and Defendants do not object to the relief sought herein.

DATED this 29th day of April, 2022.

Respectfully submitted,

/s/ Brandon J. Hill
**LUIS A. CABASSA**
Florida Bar Number: 053643
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
**Attorneys for Plaintiff**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 29th day of April, 2022, the foregoing
was electronically filed with the Clerk of the Court via the CM/ECF system, which
will send a notice of electronic filing to all counsel of record.


/s/ Brandon J. Hill
**BRANDON J. HILL**