# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ELVA BENSON,

    Plaintiff,

v.                                                                            Case No. 6:20-cv-891-RBD-LHP

ENTERPRISE LEASING COMPANY
OF ORLANDO, LLC; and
ENTERPRISE HOLDINGS, INC.,

    Defendants.

_____

## RECOMMENDATION OF INDEPENDENT COUNSEL

Pursuant to the Court's Order Appointing Independent Counsel (Dkt. 145), the undersigned Independent Counsel respectfully presents her recommendation to this Honorable Court regarding the issue of attorneys' fees in the above-captioned matter. Upon review of the pleadings, the Contingency Fee Contract (hereinafter "retainer agreement") entered into between Elva Benson and Wenzel Fenton Cabassa, P.A. ("Class Counsel")[1], and the pertinent case law, the undersigned

---

[1] Hultman, Sensenig, Joshi, P.A., is also a party to the retainer agreement. A complete copy of the retainer agreement is available for review by the Court.

recommends to the Court that the fees for Class Counsel be equivalent to 33 ⅓% of the total settlement amount, plus costs.

## I.     Authority to Scrutinize and Construe Settlement as Common Fund

Independent Counsel's role in this matter is to, on behalf of the Plaintiff Class, opine as to whether the four hundred twenty-five thousand dollar ($425,000) settlement reached in this matter should be treated as a constructive common fund, rather than independent agreements to pay the Plaintiff class one hundred seventy five thousand dollars ($175,000) and approve a fee award to Plaintiffs' counsel of two hundred fifty thousand dollars ($250,000).

As the Court has noted, authority for a finding of a constructive common fund can be found in the Eleventh Circuit's decision in *In re Home Depot, Inc.*, 931 F.3d 1065 (11th Cir. 2019). In that decision, the court found that a settlement should be deemed as a constructive common fund, notwithstanding a contrary assertion by counsel, where it appears that "[d]efendant negotiated the payment to the class and the payment to counsel as a 'package deal.'" *Id.* at 1080 (citations omitted).

Additionally, Independent Counsel notes that the Settlement Agreement in this matter contemplates a potential redistribution of the settlement by this Court, as it sets forth a procedure to complete the resolution of this matter in the event that the Agreement is "judicially modified." Settlement Agreement, ¶ 77(a).

**II.     Analysis of Grounds to Find Constructive Common Fund**

In fulfilling the role of Independent Counsel for the Plaintiff Class, the undersigned has assessed the settlement of this action and the proposed distribution in a manner calculated to provide the greatest benefit to the members of the class.

The starting point for this analysis is the Retainer Agreement executed by Class Representative Elva Benson (hereafter "Benson"). As a preliminary matter, the undersigned notes that the Retainer Agreement's title is "Contingency Fee Contract," which suggests that fees would be taken as a percentage of the recovery, if any. The Agreement provides that attorney's fees will be calculated pursuant to one of three methods: (1) if a common fund is established, in an amount not to exceed 33 1/3% of the total, (2) 40% of a "gross recovery," or (3) based upon Plaintiffs' counsel's hours expended, applying a reasonable hourly rate and, potentially, a multiplier. Contingency Fee Contract, ¶ 1.

With respect to which of the three methods will be applied, the undersigned finds the Retainer Agreement to be unclear. The only guidance is found in Paragraph 1(c), which provides that the hourly calculation "*may apply* to the calculation of fees when attorney's fees are negotiated with the opposing party separately from the amount of a negotiated recovery to me." Contingency Fee Contract, ¶ 1(c) (emphasis added). To the extent that this, or any other aspect of the Retainer

Agreement, is unclear or ambiguous, it must be construed against Plaintiffs' counsel as the drafter of the document.

Nonetheless, the parties implicitly invoke Paragraph 1(c) of the Retainer Agreement by representing that separate negotiations of the sum to be paid to the class, and the fees to be paid to Plaintiffs' counsel, took place at mediation. There are, however, several issues to explore regarding this assertion.

First, the Settlement Agreement, in several places, including Paragraphs 57 and 64, specifically reference a total settlement payment of four hundred twenty-five thousand dollars ($425,000). This renders the Settlement Agreement distinguishable from those assessed in other cases in which the fee portion was left open-ended. In those scenarios, the defendant often preserves their right to contest the amount of fees to be awarded by the Court. In the case at bar, however, the Defendant has specifically agreed "not to oppose" the application for two-hundred fifty thousand dollars ($250,000) in attorney's fees. Thus, on its face, the Settlement Agreement clearly contemplates a total settlement in the amount certain of four hundred twenty-five thousand dollars ($425,000).

Second, the undersigned must consider that the settlement is comprised of two separate and independent payments to the class and to their counsel, with counsel receiving the greater amount. In doing so, the undersigned counsel can find no reason, from a review of the file, why that division would have been mandated by

the Defendant. Simply stated, a defendant resigned to pay an amount certain to resolve a lawsuit is not typically concerned with how the total sum is distributed. Additionally, there is no reason why Benson, on behalf of the class, would have wanted to retain only 41.2% (less costs) of the settlement for herself and the class, while allowing counsel to receive the greater portion of the settlement.

The undersigned recognizes that there are instances in which counsel appropriately can and does receive more from the resolution of a case than their clients. In this case, however, the parties have acknowledged there were significant defenses and, as a result, even if only a small percentage of the class ultimately receives a share of the settlement, each will receive a very small sum relative to the damages (i.e. back pay) that would constitute "full recovery." Given the resolution, it is difficult to understand why a fully informed Class Representative would not request a common fund settlement which would result in greater damages recovered by each claimant.

The gravamen of what is essentially Plaintiffs' counsel's request for approval of the proposed distribution is the implicit assertion that Benson, on behalf of the class, was fully informed and knowingly agreed to the proposed structure. The Settlement Agreement, however, is <u>not</u> executed by Benson but, rather, was executed by counsel only. This is particularly noteworthy, as the Settlement Agreement contains a specific general release of all claims by Benson (not

applicable to the class as a whole). Such a release is typically executed by the person providing the waiver of claims. Thus, the absence of a signature by Benson calls into question her level of participation and discretion in the negotiating process.

Viewing this matter from the perspective of the Plaintiff Class, it is not clear that there were sufficient safeguards to ensure that Benson, at all points in the process, understood the choice of negotiating this case as a common fund or two separate funds, including an understanding of the ramifications of that choice. Rather, it appears that, whatever the process entailed, Defendant agreed to a total settlement of four hundred twenty-five thousand dollars ($425,000), which should be distributed in a manner that provides the Plaintiff Class with the maximum recovery contemplated by the Retainer Agreement signed by Benson.

### Recommendation

Based upon the foregoing, Independent Counsel recommends that this Court find that the settlement is a constructive common fund of $425,0000 and award attorneys' fees to Class Counsel equivalent to 33 ⅓% of the total settlement amount, plus costs.

Recommended in Orlando, Florida on July 28, 2022.

/s/ Jill S. Schwartz
Jill S. Schwartz, Attorney at Law
Florida Bar No. 0523021
Court-Appointed Independent Counsel
**Jill S. Schwartz & Associates, P.A.**

6

655 W. Morse Boulevard, Suite 212
Winter Park, Florida 32789-3745
Telephone: (407) 647-8911
Facsimile: (407) 628-4994
jschwartz@schwartzlawfirm.net