# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ELVA BENSON,

    Plaintiff,

v.                                                    Case No. 6:20-cv-891-RBD-LHP

ENTERPRISE LEASING COMPANY
OF ORLANDO, LLC; and
ENTERPRISE HOLDINGS, INC.,

    Defendants.
_____

## **FINAL APPROVAL ORDER**

Before the Court are:

1. Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (Doc. 133 ("Fee Motion"));

2. Plaintiff's Unopposed Motion for Final Approval of the Parties' Class Action Settlement (Doc. 134 ("Settlement Motion")); and

3. Report and Recommendation of Independent Counsel (Doc. 146 ("R&R")).

The R&R is due to be adopted, Plaintiff's Settlement Motion is due to be granted and the Fee Motion is due to be granted in part and denied in part.

In 2020, Defendants fired Plaintiff and thousands of other employees

because of the COVID-19 pandemic. (Doc. 64-1; Doc. 64-8, p. 2.) Receiving little advanced notice of her termination, Plaintiff filed a putative class action Complaint against Defendants under the Worker Adjustment and Retraining Notification Act. (*See* Doc. 35.) The Court certified the class and the parties then settled and moved for preliminary approval of the settlement. (Docs. 114, 122, 130; Doc. 130-1 ("Agreement").) The Court preliminarily approved the Agreement and set a fairness hearing for final approval. (Docs. 131, 142.) After the parties followed the approved notice plan, Plaintiff moved unopposed for final approval of the Agreement and attorney's fees and costs. (Docs. 133, 134.)

At the fairness hearing, the Court analyzed whether the Agreement was fair and reasonable but it was primarily concerned with the requested fee. (Doc. 142.) Under the Agreement, the maximum Defendants must pay is $425,000, which includes class counsel's attorney's fees. (Doc. 130-1, ¶¶ 57, 64.) Given that single sum, class counsel's request for attorney's fees gave the Court great pause, as it sought almost 60% of the settlement fund. (*See* Doc. 133.) Because the attorney's fees are deducted from the total amount Defendants would pay under the Agreement, the Court was concerned that the Agreement constituted a common fund or a constructive common fund. (Doc. 130-1, ¶¶ 54, 57, 64; Doc. 142.) The Court considered the Settlement and Fee Motions and allowed supplemental briefing on the fee issue. (Doc. 143.)

2

After reviewing the subsequent briefing, the Court appointed Jill Schwartz, Esq.[1] as Independent Counsel to represent the interests of the class and tasked her with advising the Court as to a reasonable fee. (Doc. 145); *see In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1302 (9th Cir. 1994); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 308 (3d Cir. 2005). After investigating, Independent Counsel then recommended the Court find this arrangement is akin to a constructive common fund and find the requested fee unreasonably high. (Doc. 146.) The Court allowed the parties to respond to the independent counsel report, but they declined. (*See* Docs. 147, 148.) So the matter is ripe.

I.   **Settlement Motion**

First, the Agreement itself is fair. (*See* Doc. 134.) In deciding whether to finally approve a class action settlement, courts must consider the Federal Rule of Civil Procedure 23(e)(2) factors, which assure that the Agreement is "fair, reasonable, and adequate" based on several factors such as whether the relief is adequate and the settlement treats all members equitably. *See* Fed. R. Civ. P. 23(e)(2). Courts must also assess the *Bennett* factors, including opposition to the settlement and the stage at which the settlement was achieved. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). Here, the Rule 23(e)(2) and *Bennett* factors are met. The Agreement treats all members identically, there has been no

---

[1] Schwartz agreed to take on the matter on pro bono basis.

3

opposition, and the parties settled well into discovery and shortly after the Court certified the class, so the record was sufficiently developed. (Doc. 130-1, ¶¶ 14, 16, 19–21; Doc. 134, pp. 2, 12–17); Fed. R. Civ. P. 23(e)(2);[2] *see Bennett*, 737 F.2d at 986; *e.g.*, *Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *5 (S.D. Fla. May 20, 2021); *Kuhr v. Mayo Clinic Jacksonville*, 530 F. Supp. 3d 1102, 1118 (M.D. Fla. 2021). So the Agreement is fair, reasonable, adequate, and final approval is appropriate. *See, e.g.*, *Smith v. Costa Del Mar, Inc.*, No. 3:18-cv-1011, 2021 WL 4295282, at *16 (M.D. Fla. Sept. 21, 2021) (finding the class settlement fair while still reducing requested attorney's fees). The real issue here is with the Fee Motion.

## II. Fee Motion

Counsel moves for an award of $250,000, which is to be deducted from the total amount that Defendants must pay: $425,000. (Doc. 130-1, ¶¶ 54, 57, 64; Doc. 133, p. 2.) The Court finds this is a common-fund case and that the requested award is unreasonable.

### A. Classification

Courts must independently assess the reasonableness of fees proposed in a class action. *See Kuhr*, 530 F. Supp. 3d at 1118. In a common fund case, the fees are

---

[2] Rule 23(e)(1) also provides that the "court must direct notice in a reasonable manner to all class members who would be bound by the proposal." The notice procedure here was adequate, as the administrator distributed the forms by first-class mail and established a website and toll-free support line. (Doc. 130-1, ¶ 40; Doc. 134, p. 9); *see Janicijevic v. Classica Cruise Operator, Ltd.*, No. 20-cv-23223, 2021 WL 2012366, at *2–3 (S.D. Fla. May 20, 2021); *In re Winn-Dixie Stores, Inc. ERISA Litig.*, No. 3:04-cv-194, 2008 WL 815724, at *4 (M.D. Fla. Mar. 20, 2008).

4

paid by the client, as opposed to a fee-shifting case where the other party pays. *See In re Home Depot Inc.*, 931 F.3d 1065, 1079 (11th Cir. 2019). If the settlement agreement provides that fees will be paid separately, courts may classify the fee arrangement as a "constructive common fund" governed by common-fund principles. *Id.* at 1080.

Here, though the Agreement provides that fees are not part of the settlement fund, the fees are deducted from the total amount that Defendants must pay. (Doc. 130-1, ¶¶ 54, 57, 64.) So this is essentially a common fund case as the attorney's fees are paid by the client—or at the very least, it is a constructive common fund as the fee and the settlement were negotiated together. (*See* Doc. 130-1, ¶¶ 54, 57, 64); *In re Home Depot*, 931 F.3d at 1079–80.

### B. Fee Award

Next, given the common fund classification, a fee award of 60% of the class fund is unreasonable. *See, e.g.*, *Flerlage v. US Foods, Inc.*, No. 18-2614, 2020 WL 4673155, at *11 (D. Kan. Aug. 12, 2020); *Hooker v. Sirius XM Radio, Inc.*, No. 4:13-cv-3, 2017 WL 4484258, at *5 (E.D. Va. May 11, 2017); *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014). Independent Counsel agrees with the Court's skepticism of the reasonableness of the fee award and submits that awarding class counsel 33⅓% of the settlement fund in fees plus $7,185.40 in costs is more appropriate. (Doc. 146.) The Court agrees.

Courts must base attorney's fees awarded from a common fund on a reasonable percentage of the fund. *See Camden I Condo Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). When the fee exceeds 25%, courts apply the twelve *Johnson* factors, including the novelty and difficulty of the issues involved and the time and labor required. *See Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974); *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242–43 (11th Cir. 2011).

Here, the Court adopts the independent counsel's recommendation and finds that an award of 33⅓% of the settlement fund is reasonable including that the retainer agreement for class counsel contemplated 33⅓% of the settlement fund as an option for attorney's fees. (Doc. 146, p. 6); *see Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1341 (S.D. Fla. 2007); *see also Camden I*, 946 F.2d at 774 (stating that an award totaling 25% of the fund is a "bench mark"). And because this award is higher than the benchmark, the Court considers the *Johnson* factors and finds an award of 33⅓% supported. (*See* Doc. 133, pp. 9–23; Doc. 133-3); *Johnson*, 488 F.2d at 719. For example, class counsel spent nearly 1.5 years litigating this case, which also involved appeals, and they took this case on a contingency basis even though it was complex, time-consuming, and had relatively novel issues such as dealing with the economic repercussions of the pandemic. (*See* Doc. 133, pp. 9–23.) So the Court will grant the Fee Motion in part and award class

6

counsel $141,666.67 in attorney's fees plus $7,185.40 in costs.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The R&R (Doc. 146) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

2. Plaintiff's Settlement Motion (Doc. 134) is **GRANTED**.

3. Plaintiff's Fee Motion (Doc. 133) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** in that class counsel is **AWARDED** $141,666.67 in attorney's fees and $7,185.40 in costs.

    b. In all other respects, the Motion is **DENIED**.

4. This Order incorporates by reference the definitions in the Agreement (*see* Doc. 130-1). All terms used shall have the same meaning as set forth in the Agreement.

5. The Court **FINALLY APPROVES** the Agreement (Doc. 130-1) as fair, reasonable, and adequate.

6. The Court **CERTIFIES** the following class:

    All Enterprise employees who worked at or reported to Enterprise facilities in the United States and were terminated without cause on or about April 24, 2020, or within 14 days of April 24, 2020, or in anticipation of, or as the foreseeable consequence of, the mass layoff or plant closing ordered on or about April 24, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) who did not sign a severance agreement with Enterprise, are not subject to an

arbitration agreement, and who do not file a timely request to opt-out of the class.

7. These individuals are **EXCLUDED** from the settlement class: Shana S. Nalls and Terri P. Brewer. (*See* Doc. 134, p. 2 & n.1; Doc. 135-1.)

8. The Court **FINDS** it has personal jurisdiction over all settlement class members and Defendants.

9. The Court **DESIGNATES** Plaintiff Elva Benson as Class Representative.

10. The Court **APPOINTS** Luis A. Cabassa and Brandon J. Hill of Wentzel Fenton & Cabassa, P.A. as class counsel.

11. The Court **APPROVES**, as to form, content, and procedure, the Notice in the Agreement and its exhibits (Doc. 130-1). The parties shall adhere to the deadlines set forth in (Doc. 130, p. 21).

12. The parties and the Settlement Administrator are **DIRECTED** to implement the Agreement (Doc. 130-1) in accordance with its terms and provisions.

13. This action is **DISMISSED WITH PREJUDICE**.

14. The Court **RETAINS JURISDICTION** over this action, the parties, class counsel, and the settlement class to enforce the Agreement and preside over issues arising from distributing the settlement claims.

15. By **Tuesday, October 4, 2022**, as contemplated by the Agreement, the

parties are **DIRECTED** to meet confer in good faith to modify the Agreement in terms of the fee award and redistribute the remaining money back into the settlement fund under this Order and file a joint notice with the Court to this effect. (*See* Doc. 130-1, ¶ 77.)

16. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 20, 2022.

ROY B. DALTON JR.
United States District Judge